NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0096-15T2

MAHNAZ FARZAN,

 Plaintiff-Respondent,

v.

REZA FARZAN,

 Defendant-Appellant.
__________________________

 Argued June 7, 2017 – Decided June 30, 2017

 Before Judges Simonelli, Carroll and Gooden
 Brown.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Monmouth County, Docket No. FM-13-0676-05.

 Reza Farzan, appellant, argued the cause pro
 se.

 Robert A. Abrams argued the cause for
 respondent.

PER CURIAM

 In this post-judgment matrimonial matter, defendant Reza

Farzan appeals from the July 22, 2015 Family Part order, which
denied his motion to emancipate his daughter, J.F.,1 and terminate

his child support obligation. For the following reasons, we

affirm.

 We need not recite in detail the history of this matter, and

instead, incorporate herein the procedural and factual history set

forth in Farzan v. Farzan, No. A-1363-10 (App. Div. Oct. 26, 2011)

(Farzan I), and Farzan v. Farzan, No. A-0560-12 (App. Div. Sept.

30, 2013) (Farzan II), certif. denied, 217 N.J. 292 (2014). The

following facts are pertinent to our review.

 Defendant and plaintiff Mahnaz Farzan executed a property

settlement agreement (PSA) that was incorporated into their final

judgment of divorce entered on June 25, 2009. The PSA required

defendant to pay child support for J.F., who was born in 1994, in

the amount of $190 per week, which later increased to $204 per

week with cost of living adjustments. The PSA also required the

parties to contribute to their children's college expenses to the

extent they were financially able to do so under the standard set

forth in Newburgh v. Arrigo, 88 N.J. 529 (1982), or the law in

effect at that time.

1
 We use initials to identify the daughter to protect her privacy.
R. 1:38-3(f)(6).

 2 A-0096-15T2
 The PSA provided that child support for J.F. terminated upon

her emancipation. Attaining the age of eighteen was deemed an

emancipating event unless J.F. was "pursuing a reasonably

continuous course of college education leading to an undergraduate

degree as a full-time day, undergraduate student at an accredited

college or university," in which event emancipation would not

occur until she reached age twenty-two.

 In November 2011, defendant filed a motion seeking various

relief, including a request to terminate child support for J.F.

upon her upcoming eighteenth birthday. In a December 2, 2011

order, the trial court denied the motion.

 Following J.F.'s graduation from high school, defendant filed

a motion to terminate child support as of June 12, 2012. Because

J.F. had been accepted as a full-time student at a New Jersey

college and received a substantial financial aid package, in an

August 21, 2012 order, the court denied the motion. In Farzan II,

we affirmed the August 21, 2012 order. Farzan II, supra (slip op.

at 1-2). We noted that not only was defendant's request to

terminate child support contrary to existing case law, it was

"expressly contrary to the PSA wherein defendant specifically

agreed to remain obligated to pay child support beyond the age of

majority so long as the child was not emancipated, which clearly

here had not yet occurred." Id. (slip op. at 9). We found

 3 A-0096-15T2
defendant's other arguments, including: "(1) an unavailing equal

protection argument; (2) that plaintiff has disappeared; and (3)

that a plenary hearing was necessary," to be without sufficient

merit to warrant discussion in a written opinion. Id. (slip op.

at 10) (citing R. 2:11-3(e)(1)(E)).

 Thereafter, on March 23, 2015, defendant filed a motion for

various relief, including: emancipating J.F.; terminating or

reducing child support; crediting him for overpaid child support;

requiring the court to explain to plaintiff her responsibilities

toward him and J.F. due to her receipt of child support; and

scheduling a plenary hearing. Defendant argued that J.F. should

be emancipated because she no longer resided with plaintiff.

 Plaintiff filed a cross-motion for a modification of the PSA

to reflect that J.F. be emancipated when she reached age twenty-

three, and for counsel fees. Plaintiff contended that J.F. was a

full-time student at a New Jersey college, resided on campus, and

would not graduate until age twenty-three because she was enrolled

in a five-year program. On May 7, 2015, plaintiff's attorney

hand-delivered a certification of services to the court and

defendant to support plaintiff's request for attorney's fees. At

oral argument on May 8, 2015, the court did not award plaintiff

counsel fees because the proofs were insufficient with regard to

 4 A-0096-15T2
J.F.'s college enrollment. Thereafter, plaintiff provided proofs

that satisfied the court.

 In a July 22, 2015 order, with an attached written statement

of reasons, the court found that although J.F. had reached the age

of majority, she continued to be a full-time student and therefore

required financial support from her parents. The court emancipated

J.F. as of May 30, 2017, when she graduated from college. The

court reduced defendant's child support obligation to $153.43 per

week based on the Child Support Guidelines, effective March 23,

2015. The court analyzed the factors enumerated in Rule 5:3-5(c)

and awarded plaintiff counsel fees in the amount of $1,889.75.

This appeal followed.

 On appeal, defendant raises fourteen separate points. In

Points I through VI, he contends that plaintiff and her attorney

violated federal and State laws, and the courts have violated his

federal and State constitutional rights, civil rights, human

rights, and discriminated against him. We have considered these

contentions in light of the record and applicable legal principles

and conclude they are without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Defendant's Points VII through IX concern the court's failure

to emancipate J.F. and terminate child support as of June 12,

2012. This issue was litigated on the merits in Farzan II. If

 5 A-0096-15T2
an issue has been determined on the merits in a prior appeal it

cannot be re-litigated in a later appeal of the same case, even

if of constitutional dimension. Washington Commons, LLC v. City

of Jersey City, 416 N.J. Super. 555, 564 (App. Div. 2010) (citation

omitted), certif. denied, 205 N.J. 318 (2011).

 Defendant's arguments in Points X through XIV relate to the

July 22, 2015 order. Defendant argues that the court erred by:

(1) not scheduling a plenary hearing; (2) not reducing his child

support obligation based on a change in circumstances; (3) not

explaining to plaintiff her responsibilities toward him and J.F.

due to her receipt of child support; (4) modifying the PSA without

his permission; and (5) awarding plaintiff counsel fees. We have

considered these contentions in light of the record and applicable

legal principles and conclude they are without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We affirm substantially for the reasons expressed by the court in

the well-reasoned July 22, 2015 statement of reasons.

 Affirmed.

 6 A-0096-15T2